By the Court.—Sedgwick, J.
This action is for damages for injury to plaintiff, by negligence of defendants. The jury assessed the damages at five thousand eight hundred dollars. The plaintiff at the time of the accident was eleven years old, and one of his witnesses was ten years old. They were not incompetent to testify, and it was the duty of the jury to consider their testi *157 mony, as they would that of more mature witnesses, and examine it, in view of all the circumstances of age, intelligence, motive, &c. The boys swore that the car was stopped, or being stopped, when the driver told them to jump on. The driver was on the front platform as they waited for the car to come up. The plaintiff stepped upon the first step of the platform. Before he had reached the second step, the driver hurried the horses. This gave a sudden motion to the car, which threw the plaintiff under the wheels.
If the car was at rest, or on the point of rest, although some motion remained, there was not so plain an appearance of danger to a person taking the front platform that it was, as a matter of law, contributory negligence not to take the rear platform. If the evidence left it uncertain whether the motion was not so great as to make it unsafe for a man of common prudence to get on the car, the question might be submitted to the jury. An accident of the - kind in question was as likely, if the plaintiff had taken the rear platform, although the consequences might not have been so serious. In either ciase, it might be properly assumed by the passenger, that the driver would act with common. prudence, so far as not to start the car until the passenger was safely in it. I therefore think that the motion to dismiss the complaint, on the ground that it appeared that the plaintiff was negligent, was correctly denied.
The hurrying-up of the horses, before the plaintiff was fairly on the car, was evidence of negligence on the part of the driver, which the court was right in submitting to the jury. The court charged that it was negligence in plaintiff to get on the front platform, without, the car stopping, or being stopped, and further that it was negligence contributing to the accident, if the jury believed that the car was not stopped, and the boy undertook to get on there.
*158 The defendant’s counsel requested the court to charge “ that the front platform is a place of danger, and the occupation of the front platform, or an attempt to get on the front platform, is prima facie evidence of negligence on the part of the passengers.” The court so charged, adding “unless the jury believe he was invited on by the servant of the company.” If this was equivalent to the court saying that the plaintiff would not be guilty of contributory negligence, when the car was moving at a dangerous rate, if the driver asked or told the plaintiff to get on, and was to be taken apart from the rest of the charge, there would be-doubt as to its correctness. But we should take it as part of the charge to be applied to the facts of the case on trial. The court gave it as law to the jury, that they should find for defendant, unless the proof showed that the car was stopped or being stopped, so that the part of the charge under consideration must be applied to such a case, and then the modification of the court was in favor of the defendants, because it called upon the plaintiff further to satisfy the jury, that the driver invited him to get on the front platform.
The injury the boy received was very painful, and left him maimed for life. We can not affirmatively find that the amount of the verdict was extravagant, or more than a compensation for the results of the accident.
Judgment should be affirmed, with costs.
Curtis, J., concurred.